**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES DOUGLAS HAYES,

    Defendant - Appellant.

No. 17-4060
(D.C. No. 2:16-CR-00261-TS-RTB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

A jury convicted James Hayes of several offenses related to distributing methamphetamine, and the district court sentenced him to 20 years in prison. Hayes appeals only his sentence. He argues the district court erred by sentencing him within the enhanced range for defendants with a prior felony drug conviction, and by not affording him the opportunity to speak on his own behalf before sentence was imposed. We affirm.

**I. Background**

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Hayes was indicted for, among other offenses, possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1), and conspiracy to distribute methamphetamine under § 841(a)(1) and 21 U.S.C. § 846. The government also filed an information under 21 U.S.C. § 851(a)(1) notifying Hayes that he may be subject to increased punishment based on a prior California conviction. Specifically, the information alleged Hayes had been convicted of, among other offenses, violation of Cal. Health & Safety Code § 11378 in Orange County case 05WF0141 on May 23, 2005.

A jury convicted Hayes on all charges. The presentence report revealed that his 2005 conviction was for "Possession for Sale of Methamphetamine," R. Vol. II at 10, and concluded Hayes was subject to an enhanced sentencing range under § 841(b)(1)(A). That section provides that anyone who violates § 841(a) in a case involving "50 grams or more of methamphetamine[1] . . . after a prior conviction for a felony drug offense . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life." § 841(b)(1)(A)(viii).

At the sentencing hearing, the district court confirmed the parties had received the presentence report and that Hayes had enough time to discuss it with his counsel. The court heard argument by counsel and then sentenced Hayes to 20 years in prison, the mandatory minimum term under § 841(b)(1)(A). Only after confirming the

---

[1] There is no dispute Hayes' present offense involved more than 50 grams of methamphetamine.

2

parties had no legal objection to the sentence did the court ask Hayes whether he had anything to say on his own behalf. Hayes declined.

On appeal, Hayes argues the district court erred by sentencing him under the enhanced range in § 841(b)(1)(A) because the government failed to prove his 2005 conviction was a "felony drug offense" within the meaning of the statute and the court did not inquire whether he wished to affirm or deny the 2005 conviction, which it was required to do. Hayes also argues the court denied him a meaningful opportunity to allocute at the sentencing hearing.

## II. "Felony Drug Offense"

Hayes argues the district court erred by enhancing his sentence because the government failed to prove his 2005 conviction was a "felony drug offense" within the meaning of § 841(b)(1)(A). As Hayes did not raise this argument before the district court, we review only for plain error. *See United States v. Tee*, 881 F.3d 1258, 1271 (10th Cir. 2018). We will reverse under this standard if "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "An error is plain when it is clear or obvious," meaning "contrary to well-settled law." *Id.* (internal quotation marks omitted). Hayes has not shown the district court violated well-settled law.

The term "felony drug offense" is defined in 21 U.S.C. § 802(44). It is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to

3

narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *Id*. As noted above, Hayes' 2005 conviction was for possessing a controlled substance for sale under Cal. Health & Safety Code § 11378. That section provides: "a person who possesses for sale a controlled substance [included in one of five subsections referring to different substances] shall be punished by imprisonment pursuant to [Cal. Penal Code § 1170(h) for 16, 24, or 36 months]." *Id*.

Hayes argues the government failed to prove the substance involved in his 2005 conviction was one of the controlled substances included in § 802(44)'s definition of "felony drug offense," pointing out that the information filed pursuant to § 851(a)(1) identified the statute he was convicted under, but failed to identify the substance involved. He admits the substance involved in his 2005 conviction was methamphetamine, which is a stimulant controlled under federal law, *see* 21 U.S.C. § 812 Sched. III(a)(3), and that his trial counsel in the present prosecution conceded Hayes was convicted of possessing methamphetamine for sale in 2005. However, Hayes argues the district court could not consider counsel's concession in determining whether his prior conviction was a felony drug offense. The government argues that it could.

As a preliminary matter, the parties urge us to use the categorical (and modified categorical) approach to determine whether Hayes' 2005 conviction meets § 802(44)'s definition of "felony drug offense." But they cite no cases from this circuit—and we have found none—explicitly applying the categorical approach in this context. Rather, it seems we have taken a less formal approach. In *United States*

4

*v. Yeley-Davis*, 632 F.3d 673, 681-82 (10th Cir. 2011), we affirmed an enhanced sentence under § 841(b)(1)(A) based in part on the defendant's prior Wyoming conviction for "taking or passing a controlled substance into a jail." We recognized the Wyoming statute extends to more substances than § 802(44), but without mentioning the categorical approach, we concluded the conviction "clearly fit[] the definition of felony drug offense" because the record showed the defendant pled "nolo contendere to bringing methamphetamine into a jail." *Id*. Looking to our sister circuits, it appears some have applied the categorical approach while others have not. *See Brock-Miller v. United States*, 887 F.3d 298, 306-07 (7th Cir. 2018) (recognizing the lack of uniformity and collecting cases). This case does not require us to decide which approach should apply because even under the more rigorous categorical approach Hayes has not shown plain error.

To apply the categorical approach in this context, we compare the elements of § 11378 to the definition of felony drug offense in § 802(44). *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016) (describing the categorical and modified categorical approaches). The parties agree § 11378 extends to more controlled substances than § 802(44). They also agree the particular controlled substance involved is an element of § 11378 and the statute lists controlled substances in the alternative, so it is divisible. *See id*. at 2249. We therefore apply the modified categorical approach to determine which controlled substance Hayes was convicted of possessing. *See id*. If we can identify the substance, we then apply the categorical

approach to determine whether the elements of Hayes' conviction meet the definition of "felony drug offense." *See id.*

Hayes argues the modified categorical approach allows us to consider only a limited class of documents from his 2005 case to determine which elements he was convicted of violating. He would limit our review to the charging document, plea agreement, and plea colloquy. Because none of these materials identify the controlled substance involved in his 2005 conviction, Hayes argues, we cannot conclude that his prior conviction was a felony drug offense.

It is true that "the modified categorical approach allows reference only to 'the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Ventura-Perez*, 666 F.3d 670, 676 (10th Cir. 2012) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). But we have also held that "defense counsel's admission suffices under this test." *Id.* Because "[c]ourts could not function properly if concessions by counsel cannot be relied upon," we have not required "the document itself . . . [to] be produced in court if defense counsel stipulates to its contents." *Id.*; *see also United States v. Maldonado-Palma*, 839 F.3d 1244, 1247 (10th Cir. 2016) (accepting the defendant's concession that he was convicted under a particular subsection of the relevant statute), *cert. denied*, 137 S. Ct. 1214 (2017).

Hayes argues this precedent has been superseded by *Mathis* and our decision in *United States v. Titties*, 852 F.3d 1257 (10th Cir. 2017). But neither of those cases held that courts applying the modified categorical approach could not rely on defense counsel's admissions to identify the elements of a prior conviction. Indeed, the Supreme Court in *Mathis* concluded the modified categorical approach did not apply in that case because the statute at issue was not divisible. *See Mathis*, 136 S. Ct. at 2253. We reached the same conclusion in *Titties*. *See Titties*, 852 F.3d at 1272. Because neither case required application of the modified categorical approach, much less a decision about what materials courts could consider when using that approach to identify the elements of a prior conviction, neither case superseded *Ventura-Perez* on this point.

Here, it appears there was no dispute in the district court that the controlled substance involved in Hayes' 2005 conviction was methamphetamine. In one pleading, Hayes' counsel stated "[i]t is uncontested that Mr. Hayes was convicted in 2005 of Possession [of] Methamphetamine for Sales." R. Vol. I at 172. In another, he acknowledged Hayes had a "2005 conviction[] for Possession of Methamphetamine for Sales," and admitted "Hayes was convicted in 2005 for Possession of Methamphetamine," *id*. at 156.[2] The presentence report also noted Hayes' 2005 conviction for "Possession for Sale of Methamphetamine," R. Vol. II at 10, which Hayes did not dispute, *see United States v. Tindall*, 519 F.3d 1057,

---

[2] Hayes' counsel made similar admissions during a pretrial argument. *See* R. Vol. III at 678.

1061-62 (10th Cir. 2008) ("[Fed. R. Crim. P.] 32(i)(3)(A) allows the sentencing court to accept any undisputed portion of the presentence report as a finding of fact." (internal quotation marks omitted)).

Even applying the categorical (and modified categorical) approach, the district court did not violate well-settled law by relying on these admissions to identify the substance involved in Hayes' 2005 conviction. *See Ventura-Perez*, 666 F.3d at 676; *Maldonado-Palma*, 839 F.3d at 1247. There is no dispute that a violation of § 11378 is punishable by more than a year in prison and that methamphetamine falls within § 802(44)'s reach, so Hayes has not shown that the district court committed plain error by concluding his 2005 conviction was a felony drug offense.

**III. § 851(b) Inquiry**

Hayes argues his sentence was illegal because the district court ignored the procedural requirements of § 851(b) by not asking him to affirm or deny the 2005 conviction before sentencing him within the enhanced range. We review the legality of Hayes' sentence de novo. *United States v. Dahda*, 853 F.3d 1101, 1116 (10th Cir. 2017), *aff'd*, ___ S. Ct. ____, No. 17-43, 2018 WL 2186173 (May 14, 2018). Hayes has not shown he could have successfully challenged his 2005 conviction, so any failure to comply with § 851(b) was harmless. *See United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1246 (10th Cir. 1996) (applying harmless error standard to unpreserved argument that the district court failed to comply with § 851(b)).[3]

---

[3] *But see United States v. Wilson*, 183 F. App'x 814, 824 (10th Cir. 2006) (unpublished) (applying plain error standard). Hayes' argument fails under either the

8

The government filed an information under § 851(a)(1) alleging Hayes was subject to an enhanced sentence based on his 2005 conviction. This triggered the district court's obligation under § 851(b) to inquire whether Hayes affirmed or denied that he had "been previously convicted as alleged in the information," and to "inform him that any challenge to [the] prior conviction" must be made before the sentence was imposed.

The district court failed to conduct this inquiry. But Hayes neither claims he would have denied the prior conviction had the court inquired nor explains how he could have successfully challenged the validity of the conviction, especially given his counsel's repeated admissions. *See Lopez-Gutierrez*, 83 F.3d at 1246-47 (the court's failure to comply with § 851(b) was harmless when the defendant did not argue he would have challenged the prior conviction had he been warned, he did not explain "how such a challenge might be successful," and his counsel conceded the defendant had been convicted of the offense during a pretrial hearing). Moreover, it appears any challenge to the 2005 conviction would have been futile because the conviction occurred more than five years before the information was filed. *See* § 851(e) (prohibiting a challenge to the validity of a prior conviction that "occurred more than five years before the date of the information alleging such prior conviction"); *United States v. Bagby*, 696 F.3d 1074, 1089 (10th Cir. 2012).

harmless error or plain error standard, so this case does not require us to decide which standard applies.

9

Because Hayes has not shown he could have successfully challenged his 2005 conviction, he is not entitled to reversal. *See United States v. Jones*, 818 F.3d 1091, 1101 (10th Cir. 2016) ("An error is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." (internal quotation marks omitted)); *see also United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011) ("To satisfy the third prong of plain error review, the appellant must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." (internal quotation marks omitted)).

## IV. Opportunity to Allocute

Hayes argues the district court denied him a meaningful opportunity to allocute by pronouncing his sentence before asking Hayes whether he wished to address the court. Before imposing a sentence, "the court must . . . address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). The government agrees the district court failed to comply with this rule. Because Hayes did not object, we review for plain error. *See United States v. Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017).

When a court imposes the lowest possible sentence, the defendant cannot satisfy the third plain-error prong because he cannot show prejudice. *Id*. at 1140. Here, the district court sentenced Hayes to 20 years in prison, the mandatory

minimum under § 841(b)(1)(A).  As a result, Hayes cannot show that denying him the opportunity to allocute amounted to plain error.

**V. Conclusion**

We affirm.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

11